JUDGE BATTS

11 CIV 2775

GEORGOULIS & ASSOCIATES PLLC
Chris Georgoulis (CG-5094)
Joyce J. Sun (JS-1788)
120 Wall Street, 18th Floor
New York, New York 10005
Tel. no. (212) 425-7854
Fax no. (212) 422-5360
*Attorneys for Plaintiff*

RECEIVED
APR 25 2011
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PYTHAGORAS GENERAL CONTRACTING CORP., Plaintiff, - v - UNITED STATES DEPARTMENT OF LABOR and HILDA SOLIS, United States Secretary of Labor, Defendants. | Civil Action No. |

**COMPLAINT**

Plaintiff PYTHAGORAS GENERAL CONTRACTING CORP., by its attorneys, Georgoulis & Associates PLLC, as and for its Complaint against defendants UNITED STATES DEPARTMENT OF LABOR and HILDA SOLIS, UNITED STATES SECRETARY OF LABOR, states as follows:

**NATURE OF THE ACTION**

1. This is an action for judicial review of a Final Decision and Order of the Secretary of the United States Department of Labor ("USDOL"), which was entered by her designee, the Administrative Review Board (ARB) of the USDOL, in the matter of *Pythagoras General Contracting Corp.*, ARB Case Nos. 08-107, 09-007.

2. Final Agency action occurred in the form of a Final Decision and Order by the ARB dated February 10, 2011, and reissued on March 1, 2011.

## JURISDICTION AND VENUE

3. This action arises under the Davis-Bacon Act, as amended, 40 U.S.C. § 276(a) et seq. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 701 et seq. (Administrative Procedure Act) and 28 U.S.C. § 1331 (Federal Question).

4. Venue properly lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(e).

## THE PARTIES

5. Plaintiff Pythagoras General Contracting Corp. ("plaintiff" or "Pythagoras") is a domestic corporation having its principal place of business at 8-67 Astoria Boulevard, Long Island City, New York 11102.

6. Defendant United States Department of Labor ("USDOL") is a department of the United States charged with enforcement of various labor statutes, including the Davis-Bacon and related Acts (the "DBRA").

7. Defendant Hilda Solis is the United States Secretary of Labor (the "Secretary"); and this action is brought against her in her official capacity as Secretary. Pursuant to 41 U.S.C. § 352(b), the Secretary is generally responsible for the administration and enforcement of the DBRA and related acts and the regulations promulgated thereunder, including the activities of the Administrator of the Wage and Hour Division and the Administrative Review Board.

## BACKGROUND FACTS

8. In June 2000, Pythagoras entered into a public improvement contract with non-party the New York City Housing Authority, identified as Contract No. DC9800015, for interior

and exterior renovation work for residential buildings at Vladeck Houses, a public housing development in Manhattan (the "Vladeck Houses Project").

9. Pythagoras's work on the Vladeck Houses Project commenced in 2001 and was completed in 2004.

10. Beginning in or around November 2002, the Wage and Hour Division of the USDOL conducted an investigation of Pythagoras with respect to whether Pythagoras had paid its employees at the Vladeck Houses Project the prevailing wage rates for labor performed and fringe benefits and for all compensable time. Following the conclusion of its investigation in 2004, the Administrator of the USDOL Wage and Hour Division (the "Administrator") issued a charging letter dated October 15, 2004, citing Pythagoras with violations of the DBRA; specifically, Pythagoras was cited for: misclassifying and therefore underpaying its employees, and failing to pay the employees for all hours worked. The charging letter also stated that the violations were aggravated or willful and recommended debarment of Pythagoras and its owner Stanley Petsagourakis.

## PROCEDURAL BACKGROUND

11. The case, ALJ Case No. 2005-DBA-014, was tried before Administrative Law Judge (ALJ) Thomas M. Burke at a hearing that took place over eleven (11) days, on February 6-9, 2007, March 20, 2007, June 5-8, 2007 and June 11-12, 2007, at which a total of twenty-seven (27) witnesses testified, including eighteen (18) employees.

### ALJ Burke's June 4, 2008 Decision and Order

12. On June 4, 2008, ALJ Burke issued a 35-page Decision and Order ("June 4, 2008 Decision and Order"), a true and correct copy of which is annexed hereto as **Exhibit 1**.

13. Whereas the USDOL Wage and Hour Division claimed that Pythagoras had underpaid its employees in amounts totaling $948,491.28, ALJ Burke concluded that Pythagoras owed the employees a total of $429,793.78. (Exh. 1 - page 35.) ALJ Burke determined that Pythagoras and Mr. Petsagourakis had committed violations of the DBA by failing to pay the employees for all of the hours they had worked and failing to pay proper prevailing wage rates and fringe benefits; and he ordered Pythagoras and Mr. Petsagourakis debarred for a period of three (3) years. (Id.)

14. As part of his June 4, 2008 Decision and Order, ALJ Burke determined, inter alia, that Pythagoras had carried its burden of coming forward with evidence sufficient to negate the reasonableness of the inferences drawn from the Administrator's evidence with regard to eight (8) of Pythagoras's employees who had performed carpentry, mason tender and tile laying work -- Patrick Richards, Clive Hall, Delroy Green, Edward Riley, Fabio Arbelaez, Philbert Franklin, Raymond Jesse Garcia and Jude Merzy. (Exh. 1 - page 11.)

15. The Administrator's estimates were based largely on inferences drawn from the employees' testimony. However, ALJ Burke found that Pythagoras presented evidence to overcome the inferences derived from the employees' testimony.

16. In his June 4, 2008 Decision and Order, ALJ Burke stated that Pythagoras had "ascertainable," "verifiable," "credible," "reliable" and "accurate" bases for its calculations with regard to the aforesaid eight (8) Pythagoras employees.

17. With regard to Richards, ALJ Burke found that Pythagoras "presented evidence to negate the reasonableness of the inference that Richards spent all of his time performing carpentry work by questioning the accuracy and credibility of his statements" and "presented testimony from [project superintendent Frank] Louisdor who stated that Richard . . . would be

given carpentry work only when it was available." (Exh. 1 - page 11.) Based on the evidence presented, ALJ Burke concluded that Pythagoras's determination of compensation due was "more credible and reliable" than the Administrator's. (Id.)

18. With respect to Hall, ALJ Burke found that "the testimony establishes that Richards and Hall worked together as a team, and as such, they are entitled to compensation for the same amount of time." (Id. - page 12.) ALJ Burke concluded that Pythagoras's assessment of the amount of time Hall worked as a carpenter, which was "based on a review of the records and a detailed knowledge of the scope of the work on the project," was "more credible and accurate" than the Administrator's. (Id.)

19. As to Green, ALJ Burke stated that "[i]n light of the ascertainable and verifiable basis for [Pythagoras's] calculations, when compared with those of [the DOL] investigator [Peter] Zhu," it was determined that Pythagoras "presented sufficient evidence to negate the reasonableness of the inference drawn from Green's testimony"; and furthermore found Pythagoras's assessment of wages due to be "credible and reliable." (Id. - page 14.)

20. With regard to Riley, ALJ Burke determined that '[i]n light of the ascertainable and verifiable basis for [Pythagoras's] calculations," which were based on "a review of the records and a knowledge of the scope of the project," Pythagoras "presented sufficient evidence to negate the reasonableness of the inference derived from Riley's testimony. (Id. - page 15).

21. With regard to Arbelaez, ALJ Burke concluded that Pythagoras presented "a detailed estimate of the hours that Arbelaez worked as a mason tender," and "explained precisely how [its] determination was reached," which was "reasonable and credible and based on [its] knowledge of the project and a detailed review of [its] records." (Id. - page 16.) ALJ Burke specifically found that the testimony from Pythagoras's witnesses that it took one to two

hours to mix the cement "as opposed to the 5 hours testified to by Arbelaez," "is found to be more accurate, and therefore, credible." (Id. - page 15 n.12.)

22. With respect to Franklin, ALJ Burke determined that Pythagoras's assessment of Franklin's work hours "is accurate and credible and is based on a knowledge of the scope of the project and a review of the records," and that Pythagoras "presented sufficient evidence to negate the reasonableness of the inference derived from Franklin's testimony." (Id. - page 17.)

23. As to Garcia, ALJ Burke found that Pythagoras showed that Garcia could not have performed work on the scaffold for three full months as Garcia had testified, and therefore was not entitled to three months of wages for work on the scaffold. (Id. - pages 18-19.)

24. Finally, with regard to Merzy, ALJ Burke found that Pythagoras "presented evidence questioning [Merzy's] credibility with respect to his work laying tiles" (id. - page 17), and therefore met its burden of refuting the Administrator's assessment that Merzy was entitled to compensation for over a year of work at the tile layers rate (id. - page 18). Also, ALJ Burke found that Pythagoras "presented sufficient evidence to negate the reasonableness of the conclusion [of the Administrator] that Merzy performed work every day for seven months as a mason tender. (Id. - page 18.) On this point in particular, ALJ Burke concluded that the repair work at issue took place in "fewer than 10 bathrooms, as opposed to the over 1,300 bathrooms Merzy claimed to have worked on." (Id. - pages 17-18.)

25. Having presided over the eleven-day hearing in this case and having heard the testimony of all of the witnesses, the aforesaid evidentiary findings made by ALJ Burke with respect to the eight (8) Pythagoras employees were properly made and are entitled to due deference.

**ALJ Burke's June 26, 2008 and August 28, 2008 Orders**

26. Thereafter, on June 23, 2008, the Administrator filed a motion for corrections pursuant to Fed. R. Civ. P. 60(a), contending that there were omissions in the June 4, 2008 Decision and Order with regard to certain Pythagoras employees that needed to be corrected, and also alleging that there were mathematical inconsistencies in the total wages owed.

27. On June 26, 2008, ALJ Burke issued an "Order Regarding Administrator's Assertion of Omissions" (the "June 26, 2008 Order," a true and correct copy of which is annexed hereto as **Exhibit 2**), in which he: (a) clarified that Pythagoras employee Manni Kavalos was not entitled to any back wages; (b) determined that a total of $12,034.00 would be added to the wages awarded to four (4) janitorial employees; (c) required that the Administrator submit calculations detailing claimed credits owed to Pythagoras for wages paid to Richards, Hall, Green, Arbelaez and Merzy, and calculations detailing the back wages due to twelve (12) other employees (Exh. 2 - page 2). Thereafter, on July 15, 2008, in accordance with ALJ Burke's June 26, 2008 Order, the Administrator submitted an Affirmation providing the aforesaid calculations.

28. On August 11, 2008, Pythagoras filed a cross-motion for corrections and in opposition to the Administrator's motion. Also on August 11, 2008, the Administrator submitted a letter in response to Pythagoras's cross-motion for corrections.

29. On August 28, 2008, ALJ Burke issued an "Order on Cross-Motions for Corrections" (the "August 28, 2008 Order," a true and correct copy of which is annexed hereto as **Exhibit 3**), by which he increased the total back wages award to the employees to $447,670.36 (Exh. 3 - page 9). This involved a series of detailed calculations involving eighteen (18) Pythagoras employees -- including the aforesaid eight (8) employees Richards, Hall, Green, Riley, Arbelaez, Franklin, Garcia and Merzy. (Id. - pages 3-9.)

**The Parties' Respective Petitions for Review**

30. Thereafter, in October 2008, Pythagoras and the Administrator each filed Petitions for Review with the Administrative Review Board of the USDOL (the "ARB"), seeking review of ALJ Burke's June 4, 2008 Decision and Order and August 28, 2008 Order.

31. Pythagoras's Petition for Review, which was assigned ARB No. 08-107, sought review of ALJ Burke's June 4, 2008 Decision and Order and August 28, 2008 Order, seeking a reduction of the back wages awards and challenging the debarment order.

32. The Administrator's Petition for Review, which was assigned ARB No. 09-007, sought review of ALJ Burke's June 4, 2008 Decision and Order and August 28, 2008 Order insofar as they reduced the Administrator's back wages determinations for the eight (8) aforementioned Pythagoras employees -- Richards, Hall, Green, Riley, Arbelaez, Franklin, Garcia and Merzy -- and rejected back wages awards to two (2) other employees.

**The ARB's Final Decision and Order**

33. On February 10, 2011, the ARB issued its Final Decision and Order in the aforesaid cases. On March 1, 2011, the ARB reissued its Final Decision and Order in order to make certain corrections to it. (A true and correct copy of the ARB's Final Decision and Order is annexed hereto as **Exhibit 4**.) Pursuant to 29 C.F.R. § 2.8, the ARB's Final Decision and Order reissued on March 1, 2011 constitutes a final agency decision of the USDOL.

34. The ARB's Final Decision and Order affirmed in part, and vacated in part, ALJ Burke's June 4, 2008 Decision and Order and August 28, 2008 Order.

35. The ARB's Final Decision and Order vacated ALJ Burke's determinations with respect to the eight (8) employees -- Richards, Hall, Green, Riley, Arbelaez, Franklin, Garcia and Merzy. (Exh. 4 - pages 24-30.) The ARB awarded the eight (8) employees **increased** back

wages in the total **increased** amount of $344,725.83. In reaching its determination that the eight (8) employees are entitled to increased back wages, the ARB improperly acted as a fact-finder and reassessed the evidence presented at the hearing before ALJ Burke, and ignored evidentiary findings made by ALJ Burke, including findings made by ALJ Burke regarding the credibility of the various witnesses who testified at the hearing.

**This Action Challenges the Part of the ARB's Final Decision and Order Which Vacated ALJ Burke's Awards to the Eight (8) Pythagoras Employees Richards, Hall, Green, Riley, Arbelaez, Franklin, Garcia and Merzy and Awarded Those Employees Increased Back Wages**

36. This action challenges specifically that part of the ARB's Final Decision and Order which vacated ALJ Burke's awards to the aforesaid eight (8) employees and ruled that those employees are entitled to increased back wages awards in the total increased amount of $344,725.83.

37. That part of the ARB's Final Decision and Order which vacated ALJ Burke's determinations with respect to the aforesaid eight (8) employees and ruled that those employees are entitled to increased back wages awards violates applicable statutory and regulatory provisions, because in so ruling, the ARB: (1) improperly acted as a fact-finder and improperly performed a *de novo* review of the evidence in the case; (2) improperly ignored key evidentiary findings of ALJ Burke, including improperly reassessing the documentary evidence and improperly reassessing the testimony of witnesses who testified at the hearing and making its own findings as to their credibility; (3) improperly evaluated ALJ Burke's findings using an incorrect standard of review; and (4) misapplied pertinent precedent.

38. Specifically, the ARB's Final Decision and Order with respect to the aforesaid eight (8) employees fails to comply with the ARB's Rules of Practice as set forth in 29 C.F.R.

Part 7, which prescribes a standard of review for the ARB's review of ALJ wage determinations issued under the DBRA. According to 29 C.F.R. § 7.1(e), the ARB, as "an essentially appellate agency," "will not hear matters de novo except upon a showing of extraordinary circumstances."

39. The ARB exceeded its jurisdiction by performing a *de novo* review of the evidence, including review of the witnesses' testimony and credibility, and making its own credibility findings. In doing so, the ARB acted arbitrarily and capriciously and not in accordance with the law.

40. The ARB's Final Decision and Order with respect to the aforesaid eight (8) employees is not supported by substantial evidence in this case.

41. As a result of the ARB's actions in rendering its Final Decision and Order, Pythagoras has been denied its right to procedural due process as guaranteed by the Fifth Amendment to the United States Constitution.

**COUNT I - ADMINSTRATIVE PROCEDURE ACT**
**(5 U.S.C. § 701 et seq.)**

42. Plaintiff restates and incorporates by reference each and every allegation set forth in paragraphs 1 through 41 of this Complaint as though set forth fully herein.

43. The challenged part of the ARB's Final Decision and Order is unlawful under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and in particular, 5 U.S.C. § 706.

44. The challenged part of the ARB's Final Decision and Order is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, and therefore unlawful under 5 U.S.C. § 706(2)(A).

45. The challenged part of the ARB's Final Decision and Order is contrary to constitutional right, power, privilege or immunity, and therefore unlawful under 5 U.S.C. § 706(2)(B).

46. The challenged part of the ARB's Final Decision and Order is in excess of statutory jurisdiction, authority or limitations, or short of statutory right, and therefore unlawful under 5 U.S.C. § 706(2)(C).

47. The challenged part of the ARB's Final Decision and Order is without observance of procedure required by law, and therefore unlawful under 5 U.S.C. § 706(2)(D).

48. The challenged part of the ARB's Final Decision and Order is unsupported by substantial evidence in the case, and therefore unlawful under 5 U.S.C. § 706(2)(E).

49. By reason of the foregoing, plaintiff is entitled to a declaration that the ARB's Final Decision and Order with respect to the eight (8) Pythagoras employees Richards, Hall, Green, Riley, Arbelaez, Franklin, Garcia and Merzy is unlawful under the Administrative Procedure Act, 5 U.S.C. § 706, and should be set aside.

WHEREFORE, plaintiff Pythagoras General Contracting Corp. respectfully requests that the Court:

1. review the Final Decision and Order of the Administrative Review Board of the United States Department of Labor, dated March 1, 2011, and

   (a) issue a declaration that the ARB's Final Decision and Order with respect to the eight (8) Pythagoras employees Richards, Hall, Green, Riley, Arbelaez, Franklin, Garcia and Merzy is unlawful under the Administrative Procedure Act, 5 U.S.C. § 706, and should be set aside; and

   (b) enjoin defendants United States Department of Labor and Hilda Solis, United States Secretary of Labor, and all others acting in concert with them, from taking any action to enforce the ARB's Final Decision and Order with respect to the eight (8) Pythagoras employees Richards, Hall, Green, Riley, Arbelaez, Franklin, Garcia and Merzy; and

2. grant to plaintiff such other and further relief as this Court may deem just and proper, including an award of its costs and disbursements incurred in this action.

Dated: New York, New York
April 25, 2011

Respectfully submitted,

GEORGOULIS & ASSOCIATES PLLC

By: ____________________

Chris Georgoulis (CG-5094)
Joyce J. Sun (JS-1788)
120 Wall Street, 18th Floor
New York, New York 10005
Tel. no. (212) 425-7854
Fax no. (212) 422-5360
*Attorneys for Plaintiff*